UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT D. BEYER and CATHERINE F. BEYER, husband and wife in their individual capacity and as trustees of THE BEYER REVOCABLE TRUST, a revocable trust organized under the laws of the state of California,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>GARY STOREY, an individual; STOREY CONSTRUCTION INC., an Idaho corporation; and ROBERTS ELECTRIC INCORPORATED, an Idaho corporation,<br><br>　　　　　　　Defendants. | Case No. 1:12-cv-00231-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Partial Summary Judgment (Dkt. 13). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Gary Storey formed Storey Construction Inc. ("SCI") in 1987 in Ketchum, Idaho. *Def.'s Decl.*, Dkt. 17-2 at 2. Storey is the president of SCI and has held that position since SCI's inception twenty-five years ago. *Id.*

In 2007, Robert Beyer and his wife entered into a contract with SCI to have SCI build a new residence ("Residence") at 125 Old Mill Road, Blaine County, Idaho. *Pl.'s Decl.*, Dkt. 13-3 at 2. The initial allowance to build the Residence was approximately $9.4 million. *Def.'s Decl.*, Dkt. 17-2 at 2. As construction progressed, however, and the Beyers' requested changes to the Residence, the cost increased substantially. *Id.* at 2-3.

As construction was nearing its end, Storey requested two loans from Beyer. *Pl.'s Decl.*, Dkt. 13-3 at 2. In January, Beyer wired $250,000 to SCI's business account. *Def.'s Ex. A*, Dkt. 17-2 at 7. About four months later, Beyer wired $400,000 to the same account. *Def.'s Ex. B*, Dkt. 17-2 at 9. On May 10, 2010, Storey signed a promissory note ("Note") to pay Robert Beyer $650,000 within 120 days, with one percent interest. *Pl.'s Ex. C,* Dkt. 6-5 at 1. The Note was executed by Storey individually. *Def.'s Mem.*, Dkt. 17 at 8.

In count three of the Amended Complaint, Beyer alleges that Storey breached the Note's terms. *Pl.'s Am. Compl.*, Dkt. 6-1 at 4. Accordingly, Beyer requests summary judgment on count three of the Amended Complaint. *Pl.'s Mot.*, Dkt. 13.

## LEGAL STANDARD

The case is before the Court on diversity jurisdiction. The Erie Doctrine provides that federal courts, hearing a diversity matter, must apply federal procedural law and state substantive law. *Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) (internal quotations omitted).

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255.  Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Group ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255.  If a claim requires clear and convincing

evidence, the question on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id*.

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Devereaux,* at 1076. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

Statements in a brief, unsupported by the record, cannot be used to create a factual dispute. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). The Circuit "has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain testimony of a witness with

personal knowledge of the facts who attests to the identity and due execution of the document. *Id.*

## ANALYSIS

Beyer asserts that the undisputed facts show a breach of the promissory note. The record before the Court supports that assertion. The promissory note is governed by contract law. *Sirius LC v. Erickson*, 156 P.3d 539 543 (Idaho 2007). It is undisputed that on May 10, 2010, Gary Storey executed the Note in the amount of $650,000.00, with one percent interest per annum on the unpaid balance, in favor of Beyer. It is also undisputed that Beyer transferred $650,000.00 to SCI's business account in reliance on the Note. Finally, it is undisputed that the Note required Storey to repay the loan within 120 days, and that Storey has not repaid the loan more than two years later. Thus, Beyer has met his initial burden of demonstrating a breach of the promissory note. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

The burden therefore shifts to Story to produce evidence sufficient to support a jury verdict in his favor. *Devereaux,* at 1076. Only if he meets this burden may he successfully overcome Beyer's motion for partial summary judgment. Storey attempts to meet his burden by arguing the following: (1) Beyer did not give consideration for the Note to Story in his individual capacity; (2) genuine issues of material fact exist as to whether the parties' course of conduct modified the terms of the Note; (3) genuine issues of material fact exist as to whether Beyer waived his ability to collect or is estopped from

collecting on the Note; and (4) SCI's counterclaim is factually intertwined with Beyer's claim for breach of the Note. The Court will address each argument below.

## I.     Consideration

Storey first contends that there is a genuine issue of material fact as to whether he, as an individual, received bargained for consideration in connection with the Note. *Def.'s Mem.*, Dkt. 17 at 8. However, Storey cites no authority for the proposition that the maker of a promissory note must individually receive bargained for consideration. Consideration includes "action by the promisee which is bargained for and given in exchange for the promise." *Lettunich v. Key Bank Nat.* Ass'n, 109 P.3d 1104, 1110 (Idaho 2005). Consideration may "consist of a detriment to the promisee or a benefit to the promisor." *Id.* The Idaho Supreme Court has even gone so far as to state that a "detriment to the promisee . . . is adequate consideration for the execution of a promissory note." *Hallowell v. Turner,* 496 P.2d 955, 957-58 (Idaho 1972).

Accordingly, Storey need not receive an individual benefit for there to be consideration for the Note. According to *Hallowell*, it is sufficient that Beyer incurred a detriment by loaning SCI $650,000.00. Consideration is not destroyed simply because the money went to SCI's business account instead of Storey's personal account. Storey's promise to repay Beyer induced Beyer to loan the money, and there is no dispute that Beyer did just that.

## II.     Modification of the Note

Storey next contends that there is a genuine issue of material fact regarding whether the parties modified the terms of the Note after it was executed. *Def.'s Mem.*, Dkt. 17 at 9. More specifically, Storey claims that the Note was modified to be a partial pre-payment for construction of the Residence. *Id.* at 10-11.

In Idaho, "parties to a written contract may modify its terms by subsequent oral agreement or may contract further with respect to its subject matter." *Scott v. Castle*, 662 P.2d 1163, 1168 (Idaho 1983) (internal quotations omitted). One party, however, cannot unilaterally alter the contract's terms. *Id.* Instead, modification requires assent and a meeting of the minds by both parties. *Id.* Assent and a meeting of the minds may be implied by the parties' actions or course of conduct. *Id.* The party asserting modification bears the burden of proving the modification by clear and convincing evidence. *Id.* When a claim requires clear and convincing evidence, the question on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Liberty Lobby*, 477 U.S. at 255.

The only evidence offered by Storey that the contract was modified is his assertion that SCI "applied the $650,000 advance to the receivables associated with the construction of the Beyer vacation home and accounted for those payments in statements that were sent to the Beyers." *Def.'s Decl.*, Dkt. 17-2 at 4. Even assuming that is true for purposes of this motion, Storey fails to provide any evidence that Beyer agreed to the

modification. Thus, there is only evidence that Storey unilaterally modified the contract, which is insufficient for the Court to conclude that the contract was legally modified.

### III. Waiver

"Waiver is a voluntary, intentional relinquishment of a known right or advantage." *Brand S Corp. v. King*, 639 P.2d 429, (Idaho 1981) (internal citations omitted). A waiver may be found through conduct or agreement. *Lewis v. Cont'l Life & Acc. Co.,* 461 P.2d 243, 249 (Idaho 1969).

Storey makes essentially the same argument in support of his waiver argument as he made for his modification argument – that Beyer waived his right to collect on the loan when Storey applied the loan amount to the receivables for the Residence. However, there is no evidence that Beyer voluntarily or intentionally – through conduct or agreement – agreed to apply the loan amount to the receivables. Accordingly, there is no evidence of waiver.

### IV. Estoppel

In Idaho, the doctrine of quasi-estoppel "prevents a party from asserting a right, to the detriment of another party, which is inconsistent with a position previously taken." *Atwood v. Smith*, 138 P.3d 310, 314 (Idaho 2006) (internal quotations omitted). Detrimental reliance is not required to prove quasi-estoppel. *Id.* Rather, the Court must find that it would be unconscionable to allow an offending party to take allegedly contrary positions. *Id.*

Here, Storey once again relies on the suggestion that the parties agreed to change the terms of the contract by allowing Storey to apply the loan amount to the receivables. This argument falls with the rest of Storey's arguments. There is no evidence that Beyer agreed to the change, and there is no evidence of inconsistent positions by Beyer. To the contrary, the record suggests that Beyer has always considered the Note legally binding as written. *Pl.'s Decl.*, Dkt. 13-3 at 3-4.

## V.     Factually Intertwined

Finally, Storey contends that partial summary judgment is inappropriate because SCI's counterclaim is factually intertwined with Beyer's claim for breach of the Note. *Def.'s Mem.*, Dkt. 17 at 12. Nothing in the record supports such a contention. The Note appears to be a separate document, with separate consideration, a clear due date, and a clear breach by Storey. Accordingly, the claims are not factually intertwined.

However, as the Court stated during oral argument, a motion for partial summary judgment this early in a case does give the Court reason to pause. It is difficult, at this early stage, for the Court to have a good understanding of all the facts and claims. Therefore, as the Court also suggested at oral argument, the Court is disinclined to grant any request that the Court enter final judgment on this claim pursuant to Rule 54(b).  This will allow the Court, if necessary, to reconsider its ruling prior to the issuance of a final judgment.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. 13) is **GRANTED**.

DATED: October 24, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court